Catron, Ch. J.
delivered tbe opinion of the court.
Jack sold Stephens a horse, warranting the title, on which Stephens brought assumpsit. Another person had previously sued Stephens for the horse, and recovered him. On the trial of the issue in the case of Stephens against Jack, Stephens offered in evidence the verdict and judgment in the suit whereby the horse was recovered from him, for the purpose, and no other, of rendering Jack liable for the amount of costs recovered off of Stephens by the owner of the horse. This evidence was objected to, because Jack was not notified to appear and defend the suit. The circuit court rejected the evidence.
1. It is an elementary principle of justice, that no one ought to be bound, as to matter of private right, by a judgment or verdict to which he was not a party, where he could make no defence, from which he could not appeal, and which may have resulted from the negligence of another, or may have even been obtained by means of fraud and collusion.
2. A judgment may be given in evidence in many cases to prove the tact of its own existence, no difference who were parties to it; nor has this been deemed as res inter alios; the same may be said in reference to the effect of such a judgment; it being offered in evj because of its consequence on the party to it. As an convicted of felony, the object was to show A had been convicted i *404 consequence of which would render the defendant to the judgment infamous, and disqualify him to give evidence. So where A sued B for a malicious prosecution,, he could give the judgment of acquital in evidence, to prove the fact. So in covenant on a clause of warranty, a judgment and eviction can he given in evidence. And in analogy to this, the record was offered in evidence; not to prove the bare fact of the recovery, but to produce by the verdict and judgment as evidence, the collateral consequence of another verdict and judg-mentfor the plaintiff in this action. This is prohibited by the rule first laid down; because the defendant to this suit would be, in effect, bound by the judgment between others, were the evidence admitted. The purpose and object was to conclude the defendant by it, as if he had been a party to it, and were sued on it. Such is the form of one count in the declaration. 1 Stark. Ev. 183, 186.
Parsons, for plaintiff in error.
Wyley, for defendant in error.
Judgment affirmed.